## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SUSAN P. MORAN and MICHAEL )
J. MORAN, )
 )
   Plaintiffs, )
 )
v. )  Case No. CIV-24-00880-PRW
 )
STATE FARM FIRE AND CASUALTY )
COMPANY and VAL VERDE )
HOMEOWNER'S ASSOCAITION, INC., )
 )
   Defendants. )

## **ORDER**

  On October 16, 2024, Plaintiffs filed an Unopposed Motion to Withdraw Motion to Remand (Dkt. 15) and a Notice of Dismissal Without Prejudice of Defendant Val Verde Homeowner's Association, Inc. (Dkt. 16). Plaintiffs previously moved to remand the case to state court based on Val Verde's citizenship (Dkt. 11). They now seek to voluntarily dismiss Val Verde only and withdraw their Motion to Remand (Dkt. 11). Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may "dismiss an action without court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Val Verde has not filed an answer or a motion for summary judgment, but Defendant State Farm Fire and Casualty Company has filed an answer (*see* Dkt. 5).

  Many district courts in the Tenth Circuit, along with most of the circuit courts, have held that a plaintiff may use Rule 41(a)(1) to dismiss all his claims against one defendant

without dismissing the entire action.[1] In an unpublished opinion, the Tenth Circuit endorsed this view, writing that Rule 41(a)(1)(A) "permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed."[2] Similarly, courts (including at least one district court in the Tenth Circuit)[3] have generally held that the filing of an answer or a motion for summary judgment by one defendant does not prevent a dismissal against another defendant who has not filed those responsive pleadings.[4] The Court finds this weight of caselaw to be persuasive and finds that State Farm's answer does not preclude Plaintiffs from voluntarily dismissing their claims against Val Verde. Because

---

[1] *Castillo v. Prater*, No. CIV-23-675-D, 2023 WL 9546946, at *13 (W.D. Okla. Dec. 8, 2023) (collecting cases), *rec. adopted*, No. CIV-23-675-D, 2024 WL 21801 (W.D. Okla. Jan. 2, 2024); *see also Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691 (D. Utah 2015) ("The First, Third, Fifth, Eighth, and Ninth Circuits form the majority in holding that 'Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment.'" (quoting *Pedrina v. Chun*, 987 F.2d 608, 609 & n. 1 (9th Cir.1993))).

[2] *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[3] *See Phillips USA Inc. v. Allflex USA, Inc.*, No. 92-2405-JWL, 1993 WL 545216, at *5 (D. Kan. Dec. 10, 1993).

[4] *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019); *Constantinides v. Los Angeles Cnty. Sheriff*, 955 F.2d 47, at *1 (9th Cir. 1992); *Aggregates (Carolina), Inc. v. Kruse*, 134 F.R.D. 23, 25 (D.P.R. 1991); *Terry v. Pearlman*, 42 F.R.D. 335, 338 (D. Mass. 1967); *Cooney v. William Robinson Dairy, Inc.*, 744 F. Supp. 841, 843 (N.D. Ill. 1990); *Doran v. McGinnis*, 158 F.R.D. 383, at 389 (E.D. Mich. 1994); *See also* 8 James Wm. Moore et al., *Moore's Federal Practice - Civil* § 41.33(c)(iv) (Mathew Bender 3d ed. 2024) ("[T]he service of an answer or motion for summary judgment by some defendants will not defeat the plaintiff's right to dismiss against any of the non-answering or non-moving defendants.").

a Rule 41(a)(1) dismissal is self-executing, the Court need not take further action with regards to the Notice (Dkt. 16).[5]

As to the Motion to Withdraw (Dkt. 15), the Court observes that the dismissal of Val Verde resolves the sole question as to the Court's diversity jurisdiction over the action. Accordingly, for good cause shown and noting that State Farm does not oppose it, the Court **GRANTS** the Motion (Dkt. 15). Plaintiffs' Motion to Remand (Dkt. 11) is withdrawn.

**IT IS SO ORDERED** this 29th day of October 2024.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[5] *Janssen v. Harris*, 321 F.3d 998, at 1000 (10th Cir. 2003).