IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN P. MORAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-24-880-PRW |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court are Plaintiffs' Motion to Compel (Dkt. 45) and Motion to Stay All Deadlines and Brief in Support (Dkt. 46). For the following reasons, the Court **DENIES** both Motions (Dkts. 45, 46).

This case involves one of the several "pattern and practices" claims against State Farm in the state and federal courts. Generally put, plaintiffs in these cases allege that State Farm engaged in a statewide scheme to systematically deny or underpay insurance claims for wind and hail damage to homes. Here, Plaintiffs state they have come to believe, due to newly received discovery, that State Farm's scheme impacted its handling of their own insurance claim. Accordingly, Plaintiffs have filed a motion to compel (Dkt. 45), requesting an order compelling Defendant to "(1) provide full and complete answer to Plaintiffs' Interrogatories and (2) produce all documents responsive to Plaintiffs' Requests for Production regarding the same."[1] Plaintiffs assert that the requested documents and

---

[1] Mot. to Stay (Dkt. 46), at 1.

information all relate to the alleged scheme.

On January 27, 2026, Plaintiffs filed a Motion to Stay (Dkt. 46). Plaintiffs argue that motions to compel nearly identical to theirs have been granted in state court, and State Farm will file a writ of prohibition to prevent their enforcement with the Oklahoma Supreme Court. Due to the anticipated writs, this Court, Plaintiffs assert, should stay all deadlines in this matter to streamline discovery issues, prevent potential conflicts with the Oklahoma Supreme Court, and increase judicial efficiency.

Local Civil Rule 37.1, implementing Federal Rule of Civil Procedure 37(a)(1), requires that "this court shall refuse to hear any [discovery motion] … unless counsel for movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." Plaintiff certifies that they have conferred with Defendant's counsel to obtain the discovery at issue. Defendant, however, further explains that such conference occurred in March 2025, nearly ten months before the filing of the Motion to Compel. And, following the conference, Defendant provided additional productions relating to compromises made at the conference.

The purpose of the meet-and-confer requirement is to encourage the parties to resolve discovery disputes without needlessly involving the courts. The parties here must make a genuine effort to resolve their differences before filing discovery motions. A supposed conference occurring ten months before filing a motion to compel and before Defendants produced additional discovery does not satisfy Local Rule 37.1.

The necessity of a genuine attempt to meet-and-confer is especially apparent in light

of the Motion to Compel's content. In its Opposition, Defendant points out numerous misstatements made by Plaintiffs in their Motion to Compel about the substance of interrogatories and requests for productions.[2] For example, Plaintiffs advance that "Interrogatory Nos. 11, 14, and 16, as well as Request for Production Nos. 14, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 target Documents and information related to State Farm's Wind-Hail Fire Model Enhancement Team[.]"[3] But, as Defendant notes, only Request for Production No. 28 addresses the Enhancement Team. Had the parties engaged in a sincere and more recent effort to come to an agreement, these discrepancies likely would have been identified and addressed without burdening the Court.[4]

Because it appears the parties have not attempted to sincerely resolve their differences, the Court **DENIES** Plaintiffs' Motion to Compel (Dkt. 45) without prejudice to refiling. The Court therefore **DENIES** the Motion to Stay (Dkt. 46) as moot.

---

[2] Resp. (Dkt. 51), at 6–7.

[3] Mot. to Comp. (Dkt. 45), at 18.

[4] *See Harvest Group LLC v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-20-00435-JD, 2024 WL 4880747, at **4–5 (W.D. Okla. Nov. 25, 2024) (denying a discovery motion under Local Rule 37.1 where the meet-and-confer took place four months prior to filing and the parties did not discuss all the discovery issues); *Morgan v. Provident Life & Accident Ins., Co.*, No. CIV-20-180-D, 2023 WL 7927784, at *1 (W.D. Okla. Nov. 16, 2023) (denying a discovery motion because "[t]he record does not show a serious attempt by either side to meet and confer about the disclosure and discovery issues raised by Defendant's Motion before involving the Court.").

**IT IS SO ORDERED** this 20th day of February 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE